# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ALICIA WASHINGTON**

    **Plaintiff,**

v.                                                            **CIVIL ACTION NO.:** 3:21−cv−00356-CWR-FKB

**VEOLIA WATER NORTH AMERICA OPERATING
SERVICES, LLC, AND JOHN AND JANE DOES 1-10,**

    **Defendants.**

## NOTICE OF REMOVAL

TO:    Arthur S. Johnson, III, Clerk of Court
          United States District Court
          Southern District of Mississippi
          501 East Court Street, Ste. 2.500
          Jackson, Mississippi 39201

          Zack Wallace, Circuit Clerk
          Circuit Court of Hinds County, Mississippi
          First Judicial District
          P.O. Box 327
          Jackson, Mississippi 39205

          Deshun T. Martin, Esq.
          Vaterria M. Martin, Esq.
          MARTIN AND MARTIN, PA
          Attorneys & Counselors
          228 East Capitol Street
          Jackson, Mississippi 39201

      Defendant, Veolia Water North America-South, LLC (incorrectly referred to in Plaintiff's Complaint as Veolia Water North America Operating Services, LLC) ("Veolia" or "Defendant"), hereby removes this matter from the First Judicial District, Circuit Court of Hinds County,

Mississippi, where it is now pending, and reserving all rights, objections, and defenses, represents as follows in support of this Notice of Removal:

1. Plaintiff, Alicia Washington, served Veolia with a copy of the Complaint entitled "*ALICIA WASHINGTON v. VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, AND JOHN AND JANE DOES 1-10*" to be filed in the First Judicial District, in the Circuit Court of Hinds County, Mississippi. Attached as Exhibit A is a copy of Plaintiff's Complaint and all process, pleadings and orders served upon Veolia in the action to date. There are no motions or hearings pending before the First Judicial District, Circuit Court of Hinds County, Mississippi in this matter.

2. Veolia was served with a copy of the Complaint on April 23, 2021. Attached as Exhibit B is the Service of Process Transmittal. Thus, 30 days have not elapsed since Veolia first received notice of Plaintiff's Complaint through service or otherwise, and removal is timely under 28 U.S.C. § 1446(b).

3. The United States District Court for the Southern District of Mississippi is the appropriate venue for this case because it is the federal district court having jurisdiction over the place where Plaintiff's state court action is pending.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's right to relief is contingent upon resolution of a substantial question of federal law.

5. In accordance with 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6. In her Complaint, Plaintiff alleges violations by Veolia and seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, *et seq*. (Complaint, Paras. 5, 16, 19, 20).

7. Thus, removal is proper under this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. In the alternative, removal in this case is also proper because this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1). The parties are citizens of different states, and the substantive allegations of Plaintiff's Complaint can fairly be read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Plaintiff is a resident citizen of the state of Mississippi. (Complaint, Para. 1). Plaintiff is, therefore, a Mississippi citizen for diversity purposes.

10. Veolia is a Limited Liability Company organized under Delaware law. Veolia is a subsidiary of Veolia Water North America Operating Services, LLC, which is incorporated in Delaware, maintains a corporate office in Delaware, and makes its major corporate decisions in Massachusetts. Therefore, Veolia is a citizen of Delaware and Massachusetts for diversity purposes. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008) ("[L]ike limited partnerships and other unincorporated associations or entities," a limited liability company's citizenship is that of each of its members, and to adequately plead the citizenship of a limited liability company, a removing party must allege the citizenship of each of its members.).

11. Although Plaintiff did not plead a specific amount of damages, the substantive allegations of Plaintiff's Complaint can fairly be read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When the amount in controversy is not specifically set forth in a Complaint, federal courts within the Fifth Circuit use a "common sense" approach to determine if the amount in controversy exceeds the $75,000 threshold. See *Randle v. Smithkline Beecham, Corp.*, 338 F. Supp.2d 704, 709 (S.D. Miss. 2004). This approach requires a Court to look at the number of defendants, the standing of the parties, the

number of plaintiffs, and also the "types of harm(s) alleged to determine if the amount in controversy will, more likely than not, exceed $75,000." *Randle*, 338 F. Supp.2d at 709.

12. Without conceding liability or any entitlement or value to Plaintiff's claims, Defendant submits that for the purposes of removal only, the amount in controversy exceeds the jurisdictional threshold based upon the allegations in the complaint.

13. The Complaint states that Plaintiff seeks damages including "Back pay; Front pay; Reinstatement; Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses; Past and future doctor, hospital, drug and medical bills; Interest; Punitive damages; Reasonable costs and attorneys' fees; and All other relief to which he may be entitled." (Complaint, pp. 4-5). Plaintiff claims she left Veolia in April of 2021. (Complaint, Para. 15). At the time of her separation from employment, Plaintiff was earning an annual salary of $61,349.86. Even assuming a trial date in May of 2022, Plaintiff's potential back pay damages could be approximately $66,000. Front pay damages could potentially be $132,000. Thus, Plaintiff's alleged damages pertaining to back pay and front pay are enough to establish the jurisdictional threshold. Moreover, attorney's fees are included in the amount in controversy. *Ram-Kabir of America, LLC v. S.C. Anderson Group International*, 199 So. 3d 1240 (Miss. 2016). Alleged emotional distress damages are also included in calculating the amount in controversy. The Mississippi Supreme Court has affirmed damages for emotional distress in the amount of $50,000 in an employment case. *Southwest Mississippi Regional Medical Center v. Lawrence*, 684 So. 2d 1257 (Miss. 1996). Thus, the amount in controversy in this action can easily be read to aggregate in excess of the $75,000 diversity jurisdiction threshold.[1]

---

[1] Veolia denies that it is liable to Plaintiff for any damages and denies that Plaintiff has suffered any damages due to any alleged unlawful conduct by Veolia.

14. Complete diversity thus exists.

15. Veolia certifies that written notice of the filing of this Notice of Removal will promptly be given to Plaintiff, and that it will file a copy of this Notice of Removal with the Clerk of the First Judicial District in the Circuit Court of Hinds County, Mississippi.

16. By reason of the above, Veolia is entitled to, and hereby does, remove this action to this Court pursuant to 28 U.S.C. § 1331, § 1332, and 28 U.S.C. § 1446 based on federal question jurisdiction and/or diversity jurisdiction.

Dated: May 21, 2021                              Respectfully submitted,


                                                 */s/ Lindsay Thomas Dowdle*
                                                 Lindsay Thomas Dowdle (MSB #102873)
                                                 Jones Walker LLP
                                                 190 E. Capitol Street, Suite 800
                                                 Post Office Box 427
                                                 Jackson, Mississippi  39201
                                                 (601) 949-4900
                                                 (601) 949-4804 (fax)
                                                 ldowdle@joneswalker.com

                                                 And

                                                 Tracy E. Kern (LA Bar No. 20246)
                                                 (*pro hac vice* admission will be forthcoming)
                                                 Jones Walker LLP
                                                 201 St. Charles Avenue, 50th Floor
                                                 New Orleans, LA 70170
                                                 (504) 582-8134
                                                 (504) 589-8134
                                                 tkern@joneswsalker.com

                                                 **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Deshun T. Martin, Esq.
Vaterria M. Martin, Esq.
MARTIN AND MARTIN, PA
Attorneys & Counselors
228 East Capitol Street
Jackson, Mississippi 39201
Email: DTMartin@4MartinsAtLaw.com
Email: VMMartin@4MartinsAtLaw.com
**Attorneys for Plaintiff**

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: N/A.

I further certify that a true and correct copy of the foregoing was e-filed electronically on May 21, 2021 with the Clerk of the Court for the First Judicial District in the Circuit Court of Hinds County, Mississippi.

                                               */s/ Lindsay Thomas Dowdle*
                                               Lindsay Thomas Dowdle