IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALICIA WASHINGTON                                                        PLAINTIFF

vs.                                          CIVIL ACTION NO.: 3:21-cv-00356-CWR-FKB

VEOLIA WATER NORTH AMERICA OPERATING
SERVICES, LLC; AND JOHN AND JANE DOES 1-10        DEFENDANTS

**JURY TRIAL DEMANDED**

<u>AMENDED COMPLAINT</u>

COMES NOW, the Plaintiff, Alicia Washington, and files this her Amended Complaint against Veolia Water North American Operating Services, LLC; and John and Jane Does 1-10, and in support thereof would show as follows:

PARTIES

1. Plaintiff, Alicia Washington, (hereinafter "Plaintiff"), is an adult resident citizen of Flowood, Rankin County, Mississippi.

2. Defendant, Veolia Water North America Operating Services, LLC, (hereinafter "Defendant Veolia"), is a foreign corporation, doing business in the State of Mississippi and may be served with process by serving its registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, or wherever the company may be found.

3. Defendants John and Jane Does 1-10 constitute the class of organizations, companies, or individual's unknown to Plaintiff at this time that through their actions, negligence, conspiracy, concealment, or otherwise caused Plaintiff's damage. The group includes any owners, management entities, insurance companies, managers, or employees of

1

the above-named Defendants or any entity or individual related to them or associated with this business that caused or contributed to the injuries suffered by Plaintiff.

## JURSIDICTION AND VENUE

4. Jurisdiction and venue are appropriate in the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1331.

## CAUSES OF ACTION

5. Plaintiff is an African American female that began her employment with Defendant Veolia as an administrative assistant in August 2018. She was promoted to Office Manager in August 2019 when the previous manager retired.

6. At all times relevant and material, Plaintiff was an employee of Defendant Veolia within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq*.

7. Plaintiff was well qualified for all positions held with Defendant Veolia's company.

8. Plaintiff experienced discrimination in the terms and conditions of her employment, including, but not limited to, her compensation, and was treated less favorably than similarly situated employees due to her race and/or sex in violation of Title VII of the Civil Rights Act.

9. Plaintiff also experienced a hostile work environment and was harassed due to her race and/or sex.

10. Plaintiff, as an African American female, was subjected to Defendant Veolia's project manager, Kelvin Peters, racial harassment by him expressing to her that "black people do not have slave names." He stated, "their names were given to them by their parents." Further, Kelvin Peters expressed to Plaintiff that, "Jackson's Mayor was stupid for shedding his slave name and changing it, because there was no such thing as a slave name."

2

11. In addition, Plaintiff was aware of project manager, Kelvin Peters, calling the African-American employees monkeys and niggers.

12. When Plaintiff became office manager, she was encouraged by Kelvin Peters to hire a white administrative assistant instead of a black individual and advised that he would pay a white individual almost as much as Plaintiff was going to be making as office manager.

13. Plaintiff was further subjected to unwelcome, offensive, and sexual harassment during her employment with Defendant Veolia, when the operations manager, and later project manager, Shannon Moore, attempted to pursue an unwanted physical relationship with Plaintiff and engaged in appropriate touching of the Plaintiff.

14. On or about April 17, 2020, Shannon Moore walked past Plaintiff and rubbed her breasts with his arm and shoulder.

15. Further, on or about April 28, 2020, Plaintiff was asked by Shannon Moore to attend a meeting in his office, where he closed the door and had the blinds drawn. In that meeting Shannon Moore forcefully attempted to pull Plaintiff onto his lap, and Plaintiff pulled away and asked him to stop. However, Shannon Moore continued to attempt to pull Plaintiff towards him, causing Plaintiff to flee his office.

16. Plaintiff was afraid to tell Defendant Veolia's project manager Kelvin Peters of Shannon Moore's sexual advancements towards her at that time for fear that she would be terminated.

17. Plaintiff did eventually report the sexual harassment and hostile work environment due to the racial references to Defendant Veolia's human resource department. Plaintiff was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended and suffered materially adverse employment actions as a result, including, but not limited to, harassment and bullying by her superiors, having her superiors suddenly scrutinize

3

her work and attendance more closely than other employees and other changes in her work conditions. In addition, Plaintiff even received a call from Shannon Moore after she met with human resources regarding the sexual and racial harassment questioning her about what she reported. Plaintiff felt threatened and intimidated by this call.

18. During her employment with Defendant Veolia, Plaintiff was also discriminated against in violation of the Equal Pay Act of 1963, 29 U.S.C. §206 as she was paid less than her male counterparts.

19. Plaintiff resigned her employment with Defendant Veolia due to the ongoing retaliation, hostile work environment and discrimination due to her race and/or sex and this, therefore, constitutes a constructive discharge.

20. In addition, Defendant Veolia's actions towards the Plaintiff were done in violation of her federally protected rights.

21. Defendant Veolia's actions caused Plaintiff to suffer embarrassment, emotional distress, anxiety and stress.

22. As a result of Defendant Veolia's wrongful conduct, Plaintiff is entitled to an award of damages and all other available relief under Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act of 1963, including, without limitations, back pay, lost wages, interest, reinstatement or front pay, emotional distress damages, attorney's fees, litigation expenses, costs, liquidated damages and punitive damages.

## EEOC PROCEEDINGS

23. Plaintiff timely filed a Charge of Discrimination with the EEOC. A copy of said Charge is attached hereto as Collective Exhibit "A" and incorporated by reference.

24. Plaintiff was sent her Notice of Right to Sue by the EEOC and this civil action was timely filed. See letter attached hereto as Exhibit "B" and incorporated by reference.

## DAMAGES

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

a. Back pay;

b. Front pay;

c. Reinstatement to her former position;

d. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

e. Past and future doctor, hospital, drug and medical bills;

f. Liquidated damages;

g. Interest;

h. Punitive damages;

i. Reasonable costs and attorneys' fees; and

j. All other relief to which she may be entitled.

Respectfully submitted, this the 22nd day of July, 2021.

ALICIA WASHINGTON

By: /s/ Teresa Harvey
Teresa E. Harvey

Attorney for Plaintiff:

TERESA E. HARVEY (MSB#100442)
CG LAW GROUP, P.A.
120 NORTH CONGRESS ST.
SUITE 200
JACKSON, MS 39201
601-948-8005
601-948-8010 (FAX)
tharvey@cglawms.com

## CERTIFICATE OF SERVICE

I, Teresa E. Harvey, do hereby certify that I have this day delivered a true and correct copy of the above, foregoing document in a manner prescribed by law to:

Lindsay Thomas Dowdle (MSB #102873)
Jones Walker LLP
190 E. Capitol Street, Suite 800
Post Office Box 427
Jackson, Mississippi 39201
(601) 949-4900
(601) 949-4804 (fax)
ldowdle@joneswalker.com

Tracy E. Kern (LA Bar No. 20246)
Jones Walker LLP
201 St. Charles Avenue, 50th Floor
New Orleans, LA 70170
(504) 582-8134
(504) 589-8134
tkern@joneswsalker.com

Deshun T. Martin, Esq.
Vaterria M. Martin, Esq.
MARTIN AND MARTIN, PA
Attorneys & Counselors
228 East Capitol Street
Jackson, Mississippi 39201

THIS the 22nd day of July, 2021.

                                        /s/ Teresa Harvey
                                        TERESA E. HARVEY