IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALICIA WASHINGTON**                                                                                   **PLAINTIFF**

**V.**                                                                          **CAUSE NO. 3:21-CV-356-CWR-FKB**

**VEOLIA WATER NORTH AMERICA**                                                                 **DEFENDANT**
**OPERATING SERVICES, LLC**

## ORDER

Before the Court is the defendant's motion for partial dismissal. Docket No. 13. On review, the motion will be granted in part and denied in part.[1]

**I.      Factual and Procedural History**

Alicia Washington, an African-American woman, was an administrative assistant and then an office manager for Veolia Water North America-South, LLC. In this action, she claims racial discrimination and harassment, sexual discrimination and harassment, retaliation, and a violation of the Equal Pay Act.

The racial discrimination and harassment came in the form of project manager Kelvin Peters calling African-American employees monkeys and niggers, stating that "there was no such thing as a slave name," and encouraging Washington to hire a white administrative assistant. The sexual harassment came when operations manager turned-project manager Shannon Moore rubbed Washington's breasts and, separately, "forcefully attempted to pull Plaintiff onto his lap." Washington claims she was too afraid to complain about the sexual harassment, but she did lodge a complaint with Veolia's human resources department about the racial references. As a result of her complaint, though, she was bullied and harassed, and threatened in a subsequent call from Moore. Lastly, Washington alleges that she was paid less than male counterparts.

---

[1] The previous dispositive motion was mooted by the filing of the Amended Complaint.

Washington filed her Charge of Discrimination with the EEOC in October 2020, and apparently resigned in April 2021. This suit followed.

Now before the Court is Veolia's motion for partial dismissal. It argues that everything except Washington's sexual harassment claim should be dismissed.

**II.    Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A satisfactory complaint will "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means that there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

**III.    Discussion**

Veolia first contends that Washington never experienced an adverse employment action, which in turn would mean that her race and sex discrimination claims must be dismissed. Washington's complaint, however, states that: (1) she was paid less than male counterparts, and (2) she was constructively discharged. Those are both adverse employment actions. *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).

As to (1), the equal pay issue, Veolia argues more specifically that the claim lacks a racial component, and then presses that Washington should have alleged which men were paid more

than her. The Court agrees in part. As it is presented in the Amended Complaint, the ongoing disparate-pay claim appears limited to a sex-based pay disparity, rather than a race-based pay disparity.[2] This appears to be consistent with her Charge of Discrimination, where she explained, "I am paid less than my *male* counter parts and my previous manager." Docket No. 12-1 at 2 (emphasis added). The undersigned disagrees, however, that a Title VII complaint must enumerate the plaintiff's similarly-situated comparators. The sex discrimination claim premised on this theory may proceed.

As to (2), the constructive discharge issue, Veolia specifically argues that Washington failed to exhaust her administrative remedies because she did not include constructive discharge in her Charge of Discrimination. Some Fifth Circuit case law supports the proposition that an employee wishing to pursue a constructive discharge theory must include it in the Charge of Discrimination. *See Clayton v. Rumsfeld*, 106 F. App'x 268, 271 (5th Cir. 2004). Because Washington did not file an amended or second Charge of Discrimination doing so, any claims premised on this adverse employment action must be dismissed.

Next up is Washington's racial harassment claim. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). Veolia contends that this claim is due to be dismissed, pointing to cases in which discussions of "slave names" were held insufficiently severe or pervasive. That may be so, but Washington's allegations about her supervisor calling African-American employees monkeys and niggers is both severe and pervasive; it is hardly an "ordinary tribulation[] of the workplace." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). In fact, the Fifth Circuit has declared that "the term 'nigger' is a universally recognized opprobrium, stigmatizing African-Americans because of their race." *Brown v. East Miss. Elec.*

---

[2] Washington attempts to add a race-based pay disparity in her brief, but the theory is not in the Amended Complaint.

*Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993). Indeed, that slur is "the most noxious racial epithet in the contemporary American lexicon." *Johnson v. PRIDE Indust., Inc.*, 7 F.4d 392, 401 2021) (citations omitted). The on-the-job use of racial epithets like "nigger" and "little black monkey" could support a hostile work environment claim. *See Walker v. Thompson*, 214 F.3d 615, 619-22, 626 (5th Cir. 2000). To this, Veolia says this allegation is unexhausted, but it is one "which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). The racial harassment claim shall proceed.

Veolia then argues that Washington's retaliation claim fails for lack of a materially adverse action. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (providing examples of materially adverse actions). This is a fact-specific question where "[c]ontext matters." *Id*. at 69; *see also id.* at 71 ("Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case."). And while Veolia may end up with a meritorious argument at the summary-judgment stage, the Court is presently unpersuaded that alleging harassment, bullying, a threatening phone call, and "other changes in her work conditions," Docket No. 12 at 4, categorically would not "deter a reasonable employee from complaining about discrimination." *Burlington N.*, 548 U.S. at 69.

Lastly, Veolia argues that the Equal Pay Act claim should be dismissed for lack of specificity. Fifth Circuit law suggests that Washington has indeed not included the required allegations "that she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions" as the better-paid men. *Reznick v. Associated Orthopedics & Sports Med., P.A.*, 104 F. App'x 387, 390 (5th Cir. 2004). Accordingly, the claim is dismissed.

4

## IV. Conclusion

For these reasons, the motion is granted in part and denied in part.

**SO ORDERED**, this the 3rd day of January, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE